```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X      For Online Publication Only
JOSEPH BARBOSA,

                    Plaintiff,

        -against-                                                ORDER
                                                                 15-CV-6912 (JMA)(SIL)
STANDARD FIRE INSURANCE COMPANY,

                    Defendant.
----------------------------------------------------------------X
```

**AZRACK, United States District Judge:**

On September 4, 2015, plaintiff brought this action against defendant Standard Fire Insurance ("Standard Fire") seeking to recover damages as a result of Standard Fire's alleged underpayment of plaintiff's Hurricane Sandy Claim under his Standard Flood Insurance Policy. (ECF No. 1.) The parties agreed to participate in the Court's Hurricane Sandy Mediation Program. On September 8, 2017, defendant filed a motion to enforce a settlement agreement that was allegedly reached during the mediation. (ECF No. 33.) On June 12, 2018, the Court referred this motion to Magistrate Judge Steven I. Locke for a Report and Recommendation (the "R&R"). On July 25, 2018, Judge Locke issued an R&R recommending that defendant's motion to enforce the settlement be denied.

On August 6, 2018, plaintiff filed objections to the R&R, (ECF No. 45), agreeing with the outcome, but disagreeing with the reasoning of the R&R, arguing that defendant's motion should have been denied pursuant to Eastern District of New York Local Civil Rule 83.8. On August 8, 2018 defendant filed its objections, arguing that 1) plaintiff's change of heart was insufficient to renounce a settlement agreement; 2) contrary to Judge Locke's finding, Standard Fire partially performed its obligations under the settlement agreement when it obtained FEMA's concurrence

1

in the settlement amount; and 3) Judge Locke erred in finding that the confidentiality provision was a material term that plaintiff had not agreed upon. (ECF No. 46.)

In reviewing a magistrate judge's report and recommendation, the court must "make a <u>de novo</u> determination of those portions of the report or . . . recommendations to which objection[s][are] made." 28 U.S.C. § 636(b)(1)(C); <u>see</u> <u>also</u> <u>Brown v. Ebert</u>, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error. <u>See</u> <u>Pall Corp. v. Entegris, Inc.</u>, 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

I have undertaken a <u>de novo</u> review of the record, the R&R, and the instant objections and I agree with Judge Locke's well-reasoned R&R and accept it as the opinion of the Court. I also note that even if I were to accept defendant's arguments that Standard Fire partially performed its obligations under the settlement agreement or that the confidentiality provision was not a material term, under the factors articulated by the Second Circuit in <u>Winston v. Mediafare Entm't Corp.</u>, 777 F.2d 78, 80-81 (2d Cir. 1985), I would still find that the factors weigh in favor of not enforcing the oral agreement reached between the parties. Indeed, defendant has not pointed to a single case analogous to this one, where a court upheld an oral agreement whereby the parties explicitly agreed not to be bound in the absence of a written and signed agreement. In this case, the parties executed a mediation agreement stating that "[n]o party shall be bound by anything said or done at [m]ediation sessions, unless a written and signed settlement is reached" and that "[a]ny agreement reached shall be in writing and, when signed, shall be binding upon all parties to the agreement." (ECF No. 34-1.)

Because the Court is finding in plaintiff's favor, it is unnecessary to address plaintiff's arguments objecting to the R&R.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to mail a copy of this Order to the pro se plaintiff.

**SO ORDERED.**

Date: August 21, 2018
Central Islip, New York

                                      /s/ (JMA)
                                  Joan M. Azrack
                                  United States District Judge